IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC § | |
| Plaintiff, § | |
| § | CASE NO. 2:15-cv-01170 |
| vs. § | |
| § | JURY TRIAL DEMANDED |
| AETNA INC., § | |
| Defendant. § | |

## ORIGINAL ANSWER OF DEFENDANT AETNA INC.

Defendant Aetna Inc. ("Aetna") files this its Original Answer to Plaintiff's Complaint for Patent Infringement (the "Complaint") as follows:

## PARTIES AND JURISDICTION

1. Aetna admits that the Complaint alleges that this is an action for patent infringement under the Title 35 of the United States Code and that Plaintiff is seeking injunctive relief as well as damages. Aetna denies any patent infringement.

2. Aetna admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies said allegations.

4. Aetna admits that it is a Pennsylvania corporation with a principle place of business at the listed address.

5. Aetna admits that it has conducted business in the state of Texas. Aetna denies the remaining allegations contained in paragraph 5 of the complaint.

6. Aetna denies the allegations contained in paragraph 6 of the Complaint.

## VENUE

7.  Aetna admits that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims. Aetna denies the remaining allegations contained in paragraph 7 of the Complaint.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8.  Aetna incorporates by reference its responses to paragraphs 1-7 above.

9.  Aetna admits that the Complaint alleges that this is a cause of action arising under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271.  Aetna denies any remaining allegations contained in paragraph 9 of the Complaint.

10. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies said allegations.

11. Aetna admits that a copy of the '752 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached as Exhibit A to the Complaint.  Aetna denies any remaining allegations contained in paragraph 11 of the Complaint.

12. Aetna denies the allegations contained in paragraph 12 of the Complaint.

13. Aetna denies the allegations contained in paragraph 13 of the Complaint.

14. Aetna admits that certain of its printed media contained QR codes.  Aetna admits that a QR code is on the material available at the listed web address.  Aetna denies the remaining allegations in paragraph 14 of the Complaint.

15. Aetna denies the allegations contained in paragraph 15 of the Complaint.

16. Aetna denies the allegations contained in paragraph 16 of the Complaint.

17. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies said allegations.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

18. Aetna incorporates by reference its responses to paragraphs 1-17 above.

19. Aetna admits that the Complaint alleges that this is a cause of action arising under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271. Aetna denies any remaining allegations contained in paragraph 19 of the Complaint.

20. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies said allegations.

21. Aetna admits that a copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached as Exhibit B to the Complaint. Aetna denies any remaining allegations contained in paragraph 21 of the Complaint.

22. Aetna denies the allegations contained in paragraph 22 of the Complaint.

23. Aetna denies the allegations contained in paragraph 23 of the Complaint.

24. Aetna admits that certain of its printed media contained QR codes. Aetna admits that a QR code is on the material available at the listed web address. Aetna denies the remaining allegations in paragraph 24 of the Complaint.

25. Aetna denies the allegations contained in paragraph 25 of the Complaint.

26. Aetna denies the allegations contained in paragraph 26 of the Complaint.

27. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies said allegations.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

28. Aetna incorporates by reference its responses to paragraphs 1-27 above.

29. Aetna admits that the Complaint alleges that this is a cause of action arising under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271. Aetna denies any remaining allegations contained in paragraph 29 of the Complaint.

30. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies said allegations.

31. Aetna admits that a copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached as Exhibit C to the Complaint. Aetna denies any remaining allegations contained in paragraph 21 of the Complaint.

32. Aetna denies the allegations contained in paragraph 32 of the Complaint.

33. Aetna denies the allegations contained in paragraph 33 of the Complaint.

34. Aetna admits that certain of its printed media contained QR codes. Aetna admits that a QR code is on the material available at the listed web address. Aetna denies the remaining allegations in paragraph 34 of the Complaint.

35. Aetna denies the allegations contained in paragraph 35 of the Complaint.

36. Aetna denies the allegations contained in paragraph 36 of the Complaint.

37. Aetna lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies said allegations.

## PRAYER FOR RELIEF

Aetna admits that Plaintiff seeks the relief set forth in this section of the Complaint, but denies that Plaintiff is entitled to any of the relief requested against Aetna. Otherwise, the allegations in the Prayer for Relief are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Aetna asserts the following defenses, whether affirmative or otherwise, without assuming any burden of proof that it would not otherwise have.

1. Aetna denies that it is subject to personal jurisdiction in this Court.

2. The '752 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

3. Aetna has not infringed and is not infringing any valid and enforceable claim of the '752 patent.

4. The '369 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

5. Aetna has not infringed and is not infringing any valid and enforceable claim of the '369 patent.

6. The '190 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

7. Aetna has not infringed and is not infringing any valid and enforceable claim of the '190 patent.

8. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy, if any, at law.

9. The Complaint fails to state a claim upon which relief can be granted.

10. Plaintiff's claims are barred in whole or in part by laches and/or estoppel.

11. Plaintiff is not entitled to relief under 35 U.S.C. § 285.

12. Plaintiff's claim for damages is limited by 35 U.S.C. § 286.

13. Plaintiff's claim for damages is limited by 35 U.S.C. § 287.

Aetna reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including but not limited to defenses related to validity and enforceability.

WHEREFORE, PREMISES CONSIDERED, Aetna respectfully requests:

(a) that Plaintiff take nothing by this action;

(b) that the Court declare this case is exceptional under 35 U.S.C. § 285 and that Aetna be awarded its costs, expenses and attorneys' fees incurred herein; and

(c) that Aetna have and recover such other and further relief to which it may show itself entitled, at law or in equity.

Date: October 19, 2015                    Respectfully submitted,

                                                  /s/ *Tonya M. Gray*
                                         TONYA M. GRAY
                                         State Bar No. 24012726
                                         tonyagray@andrewskurth.com
                                         ANDREWS KURTH LLP
                                         1717 Main Street, Suite 3700
                                         Dallas, Texas  75201
                                         Telephone: 214-659-4400
                                         Telecopier: 214-659-4401


                                         STEVEN P. PETERSEN (*pro hac vice*)
                                         Illinois Bar No. 6196793
                                         spetersen@leydig.com
                                         JOHN K. WINN (*pro hac vice*)
                                         Illinois Bar No. 6291073
                                         jkwinn@leydig.com
                                         LEYDIG, VOIT & MAYER, LTD.
                                         Two Prudential Plaza, Suite 4900
                                         Chicago, Illinois 60601
                                         Telephone: 312-616-5600
                                         Telecopier: 312-616-5700

                                     **ATTORNEYS FOR DEFENDANT AETNA INC.**


## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this the 19th day of October, 2015.

                                                   */s/ Tonya M. Gray*
                                                    Tonya M. Gray